[No. 20270. Department One. — August 30, 1887.]

## THE PEOPLE, RESPONDENT, *v.* A. A. WHEELER ET AL., APPELLANTS.

CRIMINAL LAW — PRELIMINARY EXAMINATION — COMMITMENT FOR OFFENSE NOT CHARGED. — On the preliminary examination of a person charged with having committed a public offense, the committing magistrate may hold the defendant to answer for any offense which the evidence shows him to have committed; and his power in this respect is not limited to such offenses as are embraced within the crime charged in the complaint.

ID. — DEFENDANT CHARGED BY FICTITIOUS NAME. — On the preliminary examination, a defendant charged in the complaint under a fictitious name may be held to answer and informed against under his true name.

FALSE IMPRISONMENT — UNINCLOSED PUBLIC LAND — REMOVAL OF TRESPASSER. — A person claiming to be entitled to the possession of a tract of uninclosed public land, but to which he has no title or right of possession, and of which a portion only is in his actual occupancy, is not justified, in attempting to remove an alleged trespasser from the portion not actually occupied by him, to resort to acts amounting to a violation of his personal liberty.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Eugene W. Britt, Harold Wheeler,* and *Hunsaker & Britt,* for Appellants.

*Attorney-General Johnson,* for Respondent.

BELCHER, C. C. — The defendants were tried upon an information charging them with the crime of false imprisonment, and convicted. They moved for a new trial, and have appealed from the judgment and order denying their motion.

The facts of the case may be briefly stated as follows: In 1884 the defendant Wheeler made application to purchase from the University of California a tract of land bordering on Clear Lake, in Lake County, and made a preliminary payment therefor. The land sought to be purchased was at that time unsurveyed public land of the United States. Afterwards, in February, 1885, the township embracing the land was surveyed, and on the 19th of April, 1886, the map of the survey was filed in the local land-office. From the time of this attempted purchase Wheeler claimed the land, and soon after the map was filed made application to have it listed over to the state. There were two cabins on the tract, one near what is called Chappall Bay, and the other about a mile and a half away, and situate near the lake shore. In October, 1885, Wheeler employed the complainant, John Standley, to work on this tract chopping brush; and he continued to so work until the 13th of March, 1886, when he was discharged. During the time he was so employed he lived in the cabin near Chappall Bay, and cleared off one and three fifths acres, for which he was paid by the acre. Wheeler lived in the other cabin, having in it a bed, books, cooking utensils, etc., and was there most of the time. Early in March he went away, leaving in the cabin a young man named Hall, who was also employed by him. On the 19th of April, 1886, Standley went to the United States land-office and filed there his declaratory statement to pre-empt a quarter

section of the tract, and received the usual certificate and receipt from the register and receiver. The cabin then occupied by Hall was on this quarter-section. On the 21st of April, Standley saw Hall and told him he had a bill of sale of the cabin, and he would like to have him move Wheeler's things out as soon as possible. In compliance with this request, Hall moved Wheeler's things out of the cabin, and surrendered possession of it to Standley, who went to living in it, and commenced at once to build a new cabin for himself some two hundred yards away, and was engaged working upon it on the 4th of May following. On the 23d of April, Hall wrote to Wheeler, telling him of Standley's attempted location and entry upon the land. On the 4th of May, Wheeler returned, with the avowed purpose of removing Standley from the premises, forcibly if necessary. He was accompanied by four other persons, one of whom was the defendant Mooney. Wheeler and Mooney came to a point near where Standley was at work on his cabin, in a boat. They went up to him, and after some conversation Wheeler said: "You have no legal right here, and I desire you to get away." After some further conversation, Mooney laid his hand on Standley's shoulder and said: "There is your boat, and I advise you to get into it." The parties then clinched, and Standley was thrown down; the other three persons then came up and assisted in holding him; Wheeler ran to the boat and got a rope, and with that Standley's hands and feet were tied. He was then placed in the boat and taken round to Chappall Bay. There he was taken from the boat and made to get into a wagon, in which he was driven away. At Chappall Bay he asked the names of the four persons who had assisted Wheeler in removing him to that point, and each one of them gave him a false name.

Before pleading to the information, the defendants moved the court to set it aside upon the ground that they had not been legally committed by a magistrate.

In support of their motion, it was shown that Standley, on the 4th of May, 1886, made a complaint before a justice of the peace of Lake County, charging A. A. Wheeler, John Doe, Richard Roe, John Brown, and Richard Williams with the crime of robbery, committed in the forcibly and feloniously taking from his person a certain key. On this complaint, a warrant was issued, and the proper officer made return thereon that he had arrested "the within-named defendants." An examination was had before the magistrate, and an order of commitment was indorsed by him upon the complaint, as follows:—

"It appearing to me that the offense of robbery has not been committed, but that the crime of false imprisonment has been committed, and that there is sufficient cause to believe that the within-named A. A. Wheeler, Cornelius Mooney, J. B. Lewis, C. Stanton, and C. Harkort are guilty thereof, I order that they and each of them be held to answer the same," etc.

Upon this showing, we think the court properly denied the motion. The committing magistrate was authorized to hold the defendants to answer for any offense which the evidence showed them to have committed (Pen. Code, sec. 872); and his power was not limited to such offenses as were embraced within the crime charged in the complaint. Nor was it material that all the defendants, except Wheeler, were given fictitious names in the complaint. "The regularity of the proceeding by information did not depend in any manner upon the affidavit on which the warrant of arrest was issued, and had no connection with it." (*People* v. *Velarde*, 59 Cal. 458.)

At the trial the defendants sought to justify their action upon the ground that Wheeler had had the actual possession of the disputed premises for more than a year, and was entitled to retain that possession; that Standley induced Hall to surrender to him the possession of the

cabin by fraudulent misrepresentations, and became a naked trespasser upon the land, and that under the law, as declared in *Atherton* v. *Fowler*, 96 U. S. 519, and *McBrown* v. *Morris*, 59 Cal. 65, he could acquire no rights to the land by his attempted pre-emption; and that Wheeler was therefore authorized to remove him, and to use so much force as was necessary to accomplish that end.

The court below did not adopt defendants' theory, and therefore nearly all of its rulings were excepted to, and are now assigned as errors.

We do not think it necessary to consider separately all of the points presented. For the purpose of the case, it may be conceded that Standley obtained no rightful possession of the Wheeler cabin, and that his pre-emption filing was wholly invalid. Still the question remains, Were the defendants justified in removing him from the land in the manner they did remove him?

In considering this question, it must be observed that the land was uninclosed public land. Wheeler acquired no title to it or right to its possession by his application to purchase it from the University. He had a cabin upon it, and had cleared a small area and planted some vegetables upon it. But all this evidently gave him no possession of the portions not actually occupied by him. Standley had commenced building a cabin for himself some two hundred yards distant from Wheeler's cabin. This new cabin was upon ground which had not been inclosed, cleared, or cultivated by Wheeler. While at work upon his cabin, he was seized, thrown down, tied, and carried away by defendants.

Upon these facts, it seems to us that no plausible pretense of justification can be put forth. False imprisonment is the unlawful violation of the personal liberty of another (Pen. Code, sec. 236); and every element of the offense seems to have been fully and clearly shown.

It is enough to say of the errors alleged to have been

committed by that court in the admission and exclusion of evidence, and in the refusal to give the jury certain instructions asked by defendants, that we have carefully examined the record, and are of the opinion that the rulings are proper.

The judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.