EDWARD C. HOCKENBERGER v. STATE OF NEBRASKA.

FILED NOVEMBER 18, 1896.    No. 8276.

1. **Information: COMPLAINT: VARIANCE: EMBEZZLEMENT.** The plaintiff in error was arrested on a complaint charging him with having embezzled certain money belonging to "the school district of the city of Grand Island, Hall county, Nebraska." The information on which he was tried charged him with having embezzled certain money belonging to "the school district of the city of Grand Island, of the county of Hall, in the state of Nebraska." *Held,* No material variance between the complaint and the information.

2. ———: ———: ———. The complaint on which plaintiff in error was arrested described him as "secretary of the school board." The information on which he was tried described him as "secretary of the

board of education." *Held*, No substantial variance between the complaint and the information.

3. ———: ———: ———: PRELIMINARY EXAMINATION. When it appears that the charge in the complaint is substantially the same as that set forth in the information, a plea of a want of preliminary examination, or a variance between the complaint and the information, is unavailing.

4. **Embezzlement**: COUNTY TREASURER: RECEIPTS: EVIDENCE: INSTRUCTIONS. On the 18th of September, 1891, the plaintiff in error was county treasurer of Hall county, and at the same time secretary of the board of education of the city of Grand Island. He was indicted for having on said date, as secretary of said "board of education," embezzled $1,000 belonging to the school district of Grand Island. The state offered evidence which tended to show that the plaintiff in error, on said date, as secretary of the board of education, received from himself as county treasurer $3,000 of money belonging to said school district. The court instructed the jury that the records of the county treasurer's office, showing that the plaintiff in error, as secretary of the school board, had on said date receipted to himself as county treasurer for $3,000 of money belonging to said school district, were competent evidence for them to consider in determining whether plaintiff in error, as county treasurer, had on said date paid to himself as secretary of the school board said sum of money; but refused to instruct the jury that such receipts were only *prima facie* evidence that plaintiff in error, as secretary of the board, had actually received said sum of money from himself as county treasurer, and that such receipts might be explained and the truth shown. *Held*, That the refusal to instruct as requested was error.

5. ———: ———: ———: ———: ———. The defense of the defendant in error was, and the evidence offered in his behalf tended to establish it, that on said date, while secretary of the board of education, he receipted to himself as county treasurer for $3,000; that as a matter of fact on said date he, as secretary of the school board, only received from himself as county treasurer $2,000, which sum, on said date, he paid over to the city treasurer. The court refused to submit, by an instruction, this defense to the jury. *Held*, Error.

ERROR to the district court for Hall county. Tried below before THOMPSON, J.

*R. R. Horth* and *W. H. Thompson*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state.

RAGAN, C.

Edward C. Hockenberger, in the district court of Hall county, was convicted of the crime of embezzlement. He brings the judgment pronounced against him upon such conviction here for review.

On the 7th of February, 1894, a complaint was filed with the county judge of Hall county charging Hockenberger with embezzlement. He was arrested, pleaded not guilty, and waived a preliminary examination. This complaint charged that Hockenberger, as "secretary of the school board in and for the school district of the city of Grand Island, Hall county, Nebraska," had embezzled certain of the moneys belonging to said school district. The information on which Hockenberger was tried charged that he, as "secretary of the board of education in and for the school district of the city of Grand Island, in the county of Hall, in the state of Nebraska," had embezzled certain money belonging to said school district. To this information the plaintiff in error filed a plea in abatement, to which the state demurred. The demurrer was sustained and the plea dismissed. This action of the court is assigned as error. The plea in abatement alleged that the plaintiff in error had not been accorded a preliminary examination upon the charge in the information, and averred a variance between the complaint on which the plaintiff in error was arrested and the information filed against him. The alleged variance between the charge in the complaint and that in the information will be made apparent when the two are stated thus:

Complaint: "The school district of the city of Grand Island, Hall county, Nebraska."

Information: "The school district of the city of Grand Island, in the county of Hall, in the state of Nebraska."

We know of no better argument for disposing of this alleged variance than that of the attorney general, which is as follows: "This difference between the com-

plaint and the information does not constitute a variance which the law will recognize, and is a technicality not to be tolerated. At one time, when the dotting of an 'i' or the crossing of a 't' was considered essential, such a proposition might have been considered of importance, but in this enlightened age of jurisprudence the law discards mere subterfuge and looks to the substance of the matter in the determination of the rights of the parties."

Another argument insisted on in this connection is a variance between the complaint and the information, in this: The complaint describes Hockenberger as "secretary of the school board," whereas the information describes Hockenberger as "secretary of the board of education." The law (Compiled Statutes, ch. 79, subdiv. 14) places all schools organized within the limits of cities such as Grand Island under the direction and control of a board of education, and provides that such board shall elect one of their number secretary. The complaint and the information should charge the same offense, and charge it so specifically that the person accused may know for what offense he is to be tried. In the case at bar the offense charged to Hockenberger is the embezzlement of the money of the school district of Grand Island while he was secretary of the school board, or board of education, of said school district. There is no substantial difference in charging that Hockenberger was the secretary of the school board of the city of Grand Island and charging that he was secretary of the board of education of the city of Grand Island. When it appears that the charge in the complaint is substantially the same as that set forth in the information, the plea of a want of preliminary examination or a variance between the complaint and the information is unavailing. (*Cowan v. State*, 22 Neb., 519.) We think there is no substantial variance between the charge in the complaint and the information either as to what school district the money alleged to have been embezzled belonged, or in

Hockenberger's official designation, and the court did not err in sustaining the demurrer to the plea in abatement.

On the 18th day of September, 1891, prior and subsequent thereto, Hockenberger was county treasurer of Hall county, and at the same time secretary of the board of education of the school district of the city of Grand Island in said county.

Another error assigned is that the court erred in refusing to give instructions four and five asked by Hockenberger. These instructions are as follows:

"4. If you find from the evidence beyond a reasonable doubt that on the 18th of September, 1891, that the defendant was the duly elected and acting secretary of the board of education of the school district of the city of Grand Island, and further find that on said date he receipted to the county treasurer of Hall county, Nebraska, for the sum of $3,000; but should further find that in truth and in fact he only received the sum of $2,000 and that he paid the $2,000 over to the treasurer of said city, who was then, by virtue of his office, the treasurer of said school district, then it is your duty to find the defendant not guilty.

"5. The receipts of the county treasurer's records introduced in evidence in this case are only *prima facie* evidence of the receipt of the money, and are not conclusive, and may be qualified and explained by other competent evidence and the truth shown."

The state showed, from the records of the county treasurer's office, that on the 18th of September, 1891, Hockenberger credited himself in his account, as county treasurer of Hall county, with having paid to himself, as secretary of the board of education of the Grand Island school district, on that date, $3,000, and it appeared from Hockenberger's evidence that on that date he only paid to the city treasurer of Hall county $2,000. The theory of the state was that the jury were justified in inferring from Hockenberger's actions that he had on said date,

as treasurer of Hall county, paid over to himself as secretary of the board of education $3,000 of the moneys belonging to the school district; and the court, on its own motion, instructed the jury that if they found that Hockenberger on said date credited his accounts, as county treasurer, with $3,000 that that was evidence of a delivery to himself as secretary of the board of education on that date of that amount of money belonging to the school district. Hockenberger's defense was, and his evidence tended to establish it, that on the 18th of September, 1891, he was short in his accounts as county treasurer, and, to cover up that shortage, he credited himself, as county treasurer, in his accounts with the county with $3,000, when in truth and in fact as secretary of the board of education he only received from himself, as county treasurer, $2,000, which sum on that date he paid to the city treasurer. Instruction No. 4, asked by Hockenberger, was intended to submit his theory of the case to the jury, and we think the court erred in not giving the instruction asked.

We think, also, that the court erred in not giving instruction 5 as asked, because the records of the county treasurer's office introduced in evidence were only *prima facie* evidence that Hockenberger, as secretary of the board of education, had received the sum of $3,000 from the county treasurer. These records were not conclusive evidence that he had actually received $3,000, and Hockenberger was entitled to have the jury so instructed. (*Morse v. Rice*, 36 Neb., 212.) As already stated, the court had told the jury that the county treasurer's records were evidence from which they might infer that Hockenberger, as secretary of the board of education, had received from himself, as county treasurer, the full sum of $3,000. This instruction standing alone left the jury at liberty to conclude that these records in the county treasurer's office—the receipts from Hockenberger as secretary of the board of education to himself as county treasurer for $3,000—were conclusive evidence that as

secretary of the board of education he had received that
sum.   The fact that Hockenberger at the time of the al-
leged embezzlement was both county treasurer and sec-
retary of the board of education, has a tendency to con-
fuse.   But suppose that Jones had been county treasurer
and that on the 18th of September, 1891, he had paid to
Hockenberger, as secretary of the board of education,
$2,000 and that Hockenberger had receipted for $3,000.
Does it follow that on the trial of Hockenberger for em-
bezzling the difference between the $2,000 and the $3,000
that his receipt to Jones would be conclusive evidence
that on that date he had received from Jones $3,000?
We think not.   Suppose this was a civil action by the
school district of Grand Island against Hockenberger
and the sureties on his official bond as secretary of the
board of education to recover this $1,000, would the re-
ceipt that Hockenberger gave to Jones, as county treas-
urer, be conclusive evidence that Hockenberger actually
received on that date $3,000 instead of $2,000?   We think
not.   To secure a conviction in this case the state was
obliged to prove that on the 18th of September, 1891,
Hockenberger, as secretary of the board of education,
actually received from the county treasurer of Hall
county $3,000.   That, in fact, was the only point really
litigated in this case.   Hockenberger testified that he
did receipt to the county treasurer for $3,000, but that as
a matter of fact he received only $2,000, which sum he,
on that date, had paid over to the city treasurer.   That
was his defense.   He was a competent witness in his own
behalf.   The jury, of course, were at liberty to weigh his
testimony with caution by reason of the interest he had
in the result of the suit, and they were so instructed, but
he was entitled to have his theory of the case, as disclosed
by the evidence, submitted to the jury under proper in-
structions; and the court should have told the jury that,
if they found that Hockenberger as secretary of the
board of education on the 18th of September, 1891, re-
ceived from the county treasurer only $2,000 and paid

American Exchange Nat. Bank v. Fockler.

that over to the city treasurer he should go acquitted. His conduct as county treasurer may have been criminal, but he was not on trial for embezzling money as county treasurer. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.