## STATE v. PAY.

No. 2660.   Decided January 20, 1915 (146 Pac. 300).

1. INDICTMENT AND INFORMATION—VARIANCE FROM PRELIMINARY EXAMINATION. Under Const., art. 1, section 13, providing for the prosecution of offenses by information after examination and commitment by a magistrate, and Comp. Laws 1907, sections 4604, 4610, 4615, defining a criminal complaint and prescribing its requisite, and sections 4657 and 4665, authorizing the issuance of a warrant and requiring the magistrate to read to accused the complaint before proceeding with the examination, and sections 4675 and 4692, declaring where it appears from the examination that a public offense has been committed, and that there is sufficient cause to believe accused guilty, the magistrate must hold him for trial, and

that where one has been examined and committed the district attorney must file an information charging the offense for which accused is held to answer, or any other offense disclosed by the testimony, whether charged in the complaint or not, a criminal prosecution must be begun by a complaint containing the statutory requisite, and accused can only be held for trial after a preliminary examination for the crime charged in the complaint or one included therein. (Page 415.)

2.  STATUTES—CONSTRUCTION—LEGISLATIVE INTENTION. The court, to harmonize conflicting statutory provisions and to effectuate the intention of the Legislature, must either restrict or enlarge the ordinary meaning of the words in the statutes, and this rule has special force where the statutes must be made to conform with the Constitution. (Page 422.)

3.  CRIMINAL LAW—PRELIMINARY EXAMINATION—RIGHTS OF ACCUSED. The right of accused to a preliminary examination is a substantial one and refers to the charge stated in the complaint.[1] (Page 422.)

4.  CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER. Accused may waive his right to a preliminary examination. (Page 423.)

5.  CRIMINAL LAW — PRELIMINARY EXAMINATION — COMPLAINT — REQUISITES. The complaint need not state the offense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear and the crime is stated in ordinary language. (Page 424.)

6.  CRIMINAL LAW — PRELIMINARY EXAMINATION — COMMITMENT. Where on a preliminary examination it develops that the crime charged in the complaint has not been committed, but that some other crime has probably been committed, the magistrate may direct the county attorney to prepare a new complaint and direct the rearrest of accused and give him opportunity to either waive or insist on an examination on the new charge. (Page 424.)

7.  INDICTMENT AND INFORMATION—MOTION TO QUASH—WANT OF PROPER EXAMINATION. Where the information charges an offense different from that stated in the complaint on which accused had a preliminary examination, the accused may, before pleading to the merits, move to quash the information on that ground. (Page 425.)

_____

[1]State v. Jensen, 34 Utah 166; 96 Pac. 1085; State v. Hoben, 36 Utah 186; 102 Pac. 1000.

Appeal from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Matthew Pay was convicted of a crime. He appeals.

REVERSED AND REMANDED, with directions.

*Henry Adams* and *N. A. Robertson,* for appellant.

*A. R. Barnes,* Atty. Gen., and *E. V. Higgins* and *G. A. Iverson,* Asst. Attys. Gen., for the State.


FRICK, J.

On the 31st day of May, 1913, a complaint under oath was duly filed before one J. S. Cooper, a justice of the peace in and for Juab County, Utah, in which it was charged that the defendant on the 20th day of April, 1913, in Juab County, "did then and there willfully, unlawfully, and feloniously steal, take, and carry away 100 head of sheep," the personal property of one A. J. Aagard. The marks and brands identifying the said sheep were also stated in said complaint. A warrant of arrest was duly issued, and the defendant was arrested and brought before said justice, and a preliminary hearing was deferred from time to time until the 7th day of July, 1913. On that day a preliminary examination was duly held before said justice. After the evidence was completed, the defendant filed a motion, in which he asked that the complaint be dismissed upon the ground that the State had failed to prove that the larceny charged, or any larceny, had been committed. The justice reserved judgment until the following day. The transcript of the justice relating to the motion, as filed in the district court, reads as follows:

"The motion to dismiss was denied, and the cause was then submitted to the court without argument. In summing up, the court held that, although the charge in the complaint and the evidence as heard were at variance, the evidence disclosed the fact that a crime had been committed. The court ordered that the defendant be held to answer to the court of the Fifth Judicial District on the charge of having changed the earmarks of the sheep mentioned in the complaint with intent to steal the same."

The justice therefore made an indorsement on the complaint as follows:

"It appearing to me that the offense of changing marks on certain sheep with intent to steal the same has been committed and there is sufficient cause to believe the within named Matthew Pay guilty thereof, I order that he be held to answer the same. J. S. Cooper, Justice of the Peace."

The transcript of the proceedings had before the justice was duly filed in the district court of Juab County, where, on the 15th day of August, 1913, the district attorney filed an information based on the foregoing return of the justice, in which the defendant was charged with the crime of "altering marks on sheep with intent to steal the same," in the following words:

"That the said defendant, Matthew Pay, on the 20th day of April, A. D. 1913, in Juab County, State of Utah, did then and there willfully, unlawfully, and feloniously alter the earmarks on one hundred head of sheep, said sheep being marked with a slit and upper bit in the left ear and with an underslit in right ear, and being then and there the personal property of one A. J. Aagard, by then and there cutting the ears of said sheep so as to alter and deface said earmarks, with the specific, unlawful, and felonious intent thereby to steal said sheep; contrary," etc.

The defendant, before pleading to the information, in proper time and form, filed a motion to set aside or quash the information upon the ground, among others, that the defendant was neither given nor had waived a preliminary examination upon the charge contained in the information filed by the district attorney. The motion was based upon the record as we have given it, which was supplemented by the affidavit of the defendant. The court denied the motion and compelled the defendant to go to trial. He made timely and proper objections to the jurisdiction of the court for the reasons before stated, all of which were overruled. The defendant offered no evidence, and the jury returned a verdict of guilty. He filed a motion in arrest of judgment for the reasons already stated, which was also overruled. The court

then entered judgment sentencing the defendant to a term in the state prison, and he appeals.

The defendant now assigns the several rulings of the court as error, and insists that the court erred in denying his motion to set aside or quash the information upon the ground that the defendant had not been given a preliminary examination, although he had not waived the same. The record in this case squarely presents the question whether the information which the statute authorizes the district attorney to file must, in substance at least, charge the same offense which is charged in the complaint on which the warrant of arrest and the preliminary examination, if there be one, are based. The precise question has not heretofore been passed on in this jurisdiction. The question, in view of some of the conflicting provisions of our Constitution and statutes relating to the initiation and prosecution of criminal offenses, is neither free from difficulty nor doubt.

The defendant contends that under our Constitution and statutes the information must substantially charge the crime stated in the complaint, or one which is included or embraced within it, and further contends that in case the crime charged in the information is not the one stated in the complaint, or one that is included therein, the district court cannot, over the objection of the defendant, legally proceed to try him for the offense charged in the information. To support their contention, counsel for the defendant cite and rely on *People* v. *Wallace,* 94 Cal. 497; 29 Pac. 950; *People* v. *Christian,* 101 Cal., 471; 35 Pac. 1043; *People* v. *Howard,* 111 Cal. 655; 44 Pac. 342; and 12 Cyc. 305. In Cyc. it is said:

"The information therefore can only be for the offense upon a charge of which the accused has had a preliminary examination or for an offense included within such charge."

Upon the other hand, the State contends that the magistrate before whom the original complaint is filed may require the accused to appear before the district court for trial for any offense of which the magistrate, from the evidence adduced, finds there is probable cause to believe the accused guilty, whether such offense was charged in the complaint or not.

In support of their contention, counsel for the State cite and rely on *State* v. *Newton,* 29 Wash. 373; 70 Pac. 31; *People* v. *Staples,* 91 Cal. 23; 27 Pac. 523; *People* v. *Wheeler,* 73 Cal. 252; 14 Pac. 796; *State* v. *Boulter,* 5 Wyo. 236; 39 Pac. 883; *People* v. *Nogiri,* 142 Cal. 596; 76 Pac. 490; and *People* v. *Lee Look,* 143 Cal. 216; 76 Pac. 1028.

In our judgment the only cases where the doctrine is held as broadly as is contended for by the State are *People* v. *Wheeler,* and *State* v. *Newton, supra.* *People* v. *Wheeler* was, however, squarely overruled by the Supreme Court of California in the case of *People* v. *Christian,* 101 Cal. 475; 35 Pac. 1043. In that case it was also held that what was said upon the subject in *People* v. *Staples, supra,* was merely *obiter dicta,* and such clearly was the case. *People* v. *Christian* was approved and followed in the case of *People* v. *Howard, supra.* Counsel for the State, however, contend that in *People* v. *Lee Look* and in *People* v. *Nogiri, supra,* the doctrine announced in *People* v. *Wheeler* is again revived. An examination of those two cases, however, discloses that the question was not before the court. True, in the case of *People* v. *Nogiri* it is held that it is the offense which the magistrate, on the preliminary examination, finds was committed, rather than the offense charged in the complaint, which controls the district attorney. It is not held in that case, however, that the accused may in the information be charged with an offense different from and not included within that stated in the complaint and upon which the preliminary examination was held. It has, however, also been held by the Supreme Court of Kansas that under the statutes of that state the accused may be charged in the information filed in the district court with an offense other than the one contained in the initial complaint. But it is also said by the court in that case that, if the magistrate finds that a different offense was committed than the one charged in the complaint, then an amended or new complaint should be filed, although it is there held that to file such new complaint is not absolutely necessary under the Kansas statute. *Redmond* v. *Kansas,* 12 Kan. 172, 176. Michigan cases are also cited sometimes as holding the doctrine contended for by the State. In Michi-

gan, however, while a complaint in some form seems neces-
sary to initiate a criminal proceeding, yet such complaint
need not be in writing, and the whole matter, to a large extent
at least, seems to rest upon the evidence which is produced
in support of the complaint and upon which the warrant of
arrest is based.   See *Turner* v. *People,* 33 Mich. 363.   It is
said in that case that a complaint is necessary to set a crim-
inal prosecution in motion; but the form thereof, it is held,
is not material.   In Nebraska, whose statutes with regard to
the commencement of criminal prosecutions before magis-
trates and the holding of preliminary examinations and the
filing of informations in the district court are in effect like
ours (Rev. Stat. Neb. 1913, sections 8940, 9068), it is held
that the charge in the information must substantially be the
same as the one contained in the complaint, and if there be a
substantial variance it is cause for quashing the information
upon the ground that no preliminary examination has been
had or waived for the offense charged in the information, if
a motion to quash is timely interposed.   *Cowan* v. *State,* 22
Neb. 519; 35 N. W. 405; *Hockenberger* v. *State,* 49 Neb. 706;
68 N. W. 1037; *Mills* v. *State,* 53 Neb. 263; 73 N. W. 761.   It
has also been held in *Re Mills Sing,* 13 Cal. App. 736; 110
Pac. 693, that under the California Penal Code, section 806,
"the complaint which initiates a criminal proceeding need
not be verified."   In California, like in Michigan, some evi-
dence must, however, be produced in support of the charge
in the complaint, which evidence may be in the form of affi-
davits or depositions.   It is upon that evidence that the
magistrate acts in issuing a warrant of arrest, rather than
upon what is stated in the complaint.   We shall refer to some
of the cases referred to above again later.

Let us now pause for a few moments to examine our Con-
stitution and statutes relating to the initiation of criminal
proceedings and for holding preliminary examinations before
magistrates.

Comp. Laws 1907, section 4604, defines an original com-
plaint thus:

Vol. 45—27

"4604.  A complaint is a statement in writing, made to a court or magistrate, that a person has been guilty of some designated offense."

Section 4610 provides what the complaint must state as follows:

"4610.  The complaint must state:  (1) The name of the person accused, if known, or if not known and it is so stated, he may be designated by any other name; (2) the county in which the offense was committed; (3) the general name of the crime or public offense; (4) the acts or omissions complained of as constituting the crime or public offense; (5) the person against whom or against whose property the offense was committed, if known; (6) if the offense is against the property of any person, a general description of such property.  The complaint must be subscribed and sworn to by the complainant."

Section 4615, so far as material here, provides:

"4615.  When a complaint, verified by oath or affirmation, is made before a magistrate, charging the commission of a crime or public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the accused committed it, issue a warrant for his arrest; but when the magistrate before whom the complaint is made is a justice of the peace, before issuing the warrant, the complaint, if made by any person other than the county attorney of the county, and other evidence taken by such magistrate relating to the offense charged, must be submitted to such county attorney, and he must examine into the charge and enter either his approval or disapproval of the issuance of a warrant upon such complaint.  If the county attorney disapproves, no warrant shall be issued, but if he approves the issuance of a warrant such magistrate shall proceed accordingly." ·

The proviso following the foregoing is not material here.

If a warrant is issued and the accused is arrested and is taken before a magistrate, the latter "must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings."  Section 4657.  Before proceeding with the examination, "the magis-

trate must first read to the defendant the complaint;" etc. Section 4665.

Section 4675 reads as follows:

"4675. If, however, it appear from the examination that a public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must indorse on the complaint an order, signed by him, to the following effect: 'It appearing to me that the offense in the within complaint mentioned (or any offense, according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same.' "

Section 4692 reads as follows:

"4692. When a defendant has been examined and committed as provided in this Code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the district court of the county in which the offense is triable an information charging the defendant with the offense for which he is held to answer, or any other offense disclosed by the testimony, whether it be the offense charged in the complaint on which the examination was held or not. If the district attorney fails to file the information within the time specified, he shall be deemed guilty of contempt, and may be prosecuted for neglect of duty, as in other cases."

Article 1, section 13, of our Constitution, so far as material here, provides:

"Offenses heretofore required to be prosecuted by indictment, shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the State."

It is apparent, without comment, that the foregoing provisions are not as harmonious as they could be made. Some of the incongruities may, perhaps, be attributed to the fact that the Code commissioners, in compiling and preparing the Revised Statutes of 1898, in which all of the foregoing provisions are found, took some of the provisions from one state, others from another state, while others still were modified. It should likewise be noted that the California statutes

contain no provisions like those in sections 4610 and 4615, *supra*. Whatever the conflicting provisions may be, however, it becomes our duty to reconcile and harmonize them, if such a thing is possible, and give each and all of them proper effect. Moreover, we must so construe and apply the conflicting provisions as to harmonize them with the provisions of our Constitution, which, of course, control.

We thus start out with the proposition that under our procedure a criminal prosecution must be initiated by filing a complaint in writing which must be verified by the complainant; that such complaint, among other things, must state the general name of the crime charged; that it must state "the acts or omissions complained of as constituting the crime," the person against whom or against whose property the offense was committed, and a general description of the property if property is the subject of the offense. When a person is thus accused, arrested, and brought before the magistrate, he must be informed of "the charge against him," and, before proceeding with the examination, the complaint filed against him must be read to him. He must also be informed of his right to have counsel, and time must be allowed him to procure one if he so desires. All this is, no doubt, required to be done to enable the accused to determine whether he desires counsel, or whether he will waive the examination, or insist upon being given one and have witnesses called in his behalf. It is manifest that, if the accused waives the examination, and the State consents thereto, all the magistrate has authority to do is to require the accused to appear before the district court to answer to the charge contained in the complaint and no other, since it is upon that, and nothing else, that he has waived or has had an opportunity to waive an examination. Let it be assumed, however, that the State refuses to consent that an examination be waived, but insists that the magistrate shall hear such evidence as the State may produce. Even then the accused may assume that the evidence to be adduced will relate to the charge that was read to him and of which he was required to be informed by the magistrate, and he may thus still waive the right to counsel and the production of evidence in his favor. By what author-

ity can the State thus ignore the charge contained in the complaint and proceed to a hearing upon some other charge which is, or may be, absolutely foreign to anything that may be contained in the complaint? If it may do so, of what use is the reading of the complaint to the accused and giving to him all the other information that the magistrate is required to impart to him before proceeding with the examination? Again, if the magistrate may thus require the accused to appear before the district court for trial upon another and different offense than the one stated in the complaint and upon which he has waived an examination, then it necessarily follows that he is held for an offense concerning which he had no opportunity to waive either an examination or the aid of counsel and had not had the preliminary examination contemplated by our statute. The right to waive an examination necessarily implies the right to know in advance what the charge is upon which an examination may be waived. When all of the provisions of our Constitution and statutes are construed together, it seems to us there is little, if any, room left for doubt that it was intended that the accused should not be held for trial for any offense except the one that is stated in the complaint or one that is included therein. But it is contended that such a construction gives no effect to sections 4675 and 4692, both of which we have before set forth at large. We think otherwise. While it may be true that the language of section 4692 may not by our construction be literally applied, yet it cannot be said that all of the language therein contained is not given some force and effect. If the language is restricted to apply to some included offense, as before suggested, it still is given proper force and effect, while if it is literally applied certain constitutional rights are invaded. The only difference, therefore, between the State's contention and our construction is that we seek to restrict the meaning of the language contained in section 4692 so as to harmonize it with all of the other constitutional and statutory provisions, while the State seeks to have us enforce the language of that section literally and regardless of all other provisions on the same subject.

It is frequently the case that, in order to harmonize conflicting provisions and to effectuate the intention and purpose of the lawmaking power, courts must either restrict or enlarge the ordinary meaning of words. *Hilton* v. *Thatcher*, 31 Utah, 370; 88 Pac. 20; 2 Lewis, Suth. St. Const., section 376. This rule has special force where, as here, statutes must be made to conform to some constitutional provision. In that connection it should also be remembered that those provisions of our statute which relate to what the original complaint must contain and the manner of the issuing of the warrant and the holding of the preliminary examination upon the complaint are taken from North Dakota and Montana, while the two sections, to-wit, 4675 and 4692, which relate to the binding over and the filing of the information in the district court, are taken from California. As already pointed out, the complaint under the statutes of California is not given the importance that it is under our statute.

It should here also be stated that, in all that this court has said upon the right of a preliminary examination and respecting the right to waive, it shows that the right has been regarded as a substantial one, and that it had reference to the charge preferred against the accused in the complaint. See *State* v. *Jensen*, 34 Utah, 166; 96 Pac. 1085; *State* v. *Hoben*, 36 Utah, 186; 102 Pac. 1000. We refer to those matters, however, only for the purpose of showing that the complaint by which a criminal prosecution is initiated has by the courts of this state always been regarded as performing an important function and as being the very foundation upon which the courts base the right to proceed with the prosecution. Notwithstanding the fact that California has no statute containing the provisions contained in sections 4610 and 4615, the view we have taken here is, nevertheless, the one maintained by the Supreme Court of that state in the cases of *People* v. *Christian* and *People* v. *Howard, supra.* We can add nothing to the cogent reasons there stated against the practice of holding the accused to the trial court and informing against him there, except upon the charge contained in the complaint or for one that is included therein. While it is true that it is claimed that the two cases just referred

to were modified by what is said in *People* v. *Sehorn*, 116 Cal. 503; 48 Pac. 495, and *People* v. *Cole*, 127 Cal. 545; 59 Pac. 984, yet an examination of those two cases will at once dispel that claim. The proposition here in question was not before the court at all in either of those cases, and hence could not have been decided. The same is true of the cases of *People* v. *Lee Look* and *People* v. *Nogiri*, to both of which we have already referred. But it is suggested that where the magistrate hears the evidence and passes upon it, and then requires the accused to appear before the district court for trial, he has had an examination upon the offense for which he is bound over and informed against, and therefore he has enjoyed the right guaranteed to him by the Constitution. To so hold is to put a sovereign state in the attitude of those—

"That keep the word of promise to our ear

"And break it to our hope."

This would be to "palter in a double sense," and would entirely ignore the fact that the accused has the right to be informed of the charge and of having the complaint read before he is called on to choose counsel or to waive preliminary examination. He, as we have seen, may waive an examination and in doing so he may, and perhaps usually also waives the right to have counsel present. Now, if the State proceeds to bind him over upon a charge other than the one contained in the complaint, he has lost the benefit of counsel as well as the right to waive examination upon the charge for which he is actually bound over. The rights guaranteed to him in both the statutes and the Constitution are therefore frittered away and are as useless to him as though they never had existed. To hold that such is the intent and purpose of our Constitution and statutes is equivalent to holding that the duty to charge the accused with some offense and his right to waive an examination upon such offense are mere useless formalities to be observed or ignored in accordance with the caprice or whim of the prosecuting officer and the magistrate. Take the case at bar as an example: Here the accused was charged with the crime of larceny. He insisted that he had not committed such an offense, and hence should not be put to the trouble and

expense of a trial, and to establish that fact insisted upon an examination. The magistrate, upon such examination, found that to be true, but, nevertheless, in effect said: "Under the evidence I think you are guilty of something else, and therefore I shall bind you over for that." A person may thus be charged with stealing a yearling calf, and be held and put upon trial for kidnapping a child, or for any other of the numerous felonies, without being given the right to waive an examination or to be heard respecting the charge upon which he is finally held for trial. We say without being heard for the reason that he is directing, and has the right to direct, his attention to the charge preferred against him in the complaint and to nothing else. The very fact, therefore, that one has successfully met and refuted the charge contained in the complaint, becomes the basis for the State to hold him for some other offense of which he never had any legal information. This the State should not be permitted to do. Nor can the State complain if it is required to file a complaint in which the offense that it is claimed the accused committed is stated.

Of course, the offense need not be stated in technical language, nor in such specific terms as is required in an information or an indictment. It is sufficient that the jurisdictional facts appear and that the crime is stated   **5, 6** in ordinary language. The language need not even be concise or without repetition. The only test is: Are all the elements constituting the offense stated? The statement may be very imperfect and still be good. Upon such a complaint, the magistrate, in case the accused waives the examination, may require him to answer to the district court. And if he demands an examination the magistrate may hear the evidence and bind him over to the district court as before. If upon the hearing it develops that the crime charged has not been committed, but that some other crime probably has been committed, the magistrate need not discharge the accused unconditionally, but he map prepare, or direct the county attorney to prepare, a complaint in which the offense which the magistrate finds was committed is stated, and rearrest the accused upon that charge and give him an opportunity to

either waive or insist upon an examination and give him time
to procure counsel if he desires to do so. Had such a course
been pursued in this case, the defendant might or might not,
have waived an examination. In any event, he would then
have been given the opportunity to exercise his constitutional
rights or to waive them. To do that was denied him. Again,
if the magistrate fails to comply with the law, as in this case,
it is still an easy matter, under our statutes, for the district
court to comply therewith. When the defendant in this case
moved to quash the information, the district court, upon this
record, should have granted the motion and should have
ordered the county attorney to file a complaint forthwith
either before the district judge sitting as a magistrate or be-
fore some other magistrate. The defendant should then have
been given an opportunity either to waive or to insist upon
a preliminary hearing upon the charge thus preferred against
him; and if the judge sitting as a magistrate, or some other
magistrate, had, upon such a hearing, found sufficient cause
to believe that the accused should be held to answer to the
district court, such an order should have been made. The
district attorney could then have filed an information based
upon the charge, and the trial could have proceeded in the
regular way. To follow such a procedure would ordinarily
consume but little time and could in no way hamper or preju-
dice the rights of the State, while it would preserve every
right of the accused.

We have gone into the matter at length so as to leave no
room for doubt respecting the procedure that should be fol-
lowed. By what we have said we do not wish to be
understood as holding that, if a complaint should be          7
deficient in substance, but an information properly
charging the offense which was attempted to be stated in the
complaint has been filed, and the accused has pleaded to the
merits, he still has the right to attack the complaint, which
has then spent its force. It may well be said that, under
such circumstances, he has waived his right to assail the suf-
ficiency of the original complaint. Nor do we hold that the
objection here passed on can be made at any stage of the pro-
ceeding or in any form. What we hold is that if the accused

makes the objection, as in this case, before pleading to the merits and in proper form, and that it is made to appear that the accused has not had a preliminary examination upon the specific charge laid in the information and has not waived the same, then the information should be quashed and the procedure as herein indicated should be followed. Let it also be understood that merely to depart from the date named in the complaint is, ordinarily at least, not to be deemed a different offense, since the date, as a general rule, is not a material element of the crime.

For the reasons stated, the judgment is reversed, and the cause is remanded to the district court of Juab County, with directions to set aside its order denying the motion to quash the information and to enter an order granting said motion. Further, if the district judge is so advised, to direct the county attorney to file a proper complaint against the defendant either before the district judge sitting as a magistrate or before some other magistrate, and, in case the defendant is held to answer to the district court upon the charge contained in the complaint, then proceed with the case in the usual manner.

STRAUP, C. J., and McCARTY, J., concur.