BYBEE, Circuit Judge,
dissenting in part:
In 1997, Fernando Sanchez-Avalos pled no contest to “willfully and unlawfully touching] an intimate part of another person, to wit, JANE DOE, date of birth 02/16/1984,” to gratify his sexual desires. He received a three-year suspended sentence, subject to terms of probation, including not being in the presence of children under sixteen years of age. Reading this record, the Immigration Judge (“U”) reasonably concluded that Sanchez had committed a crime against a thirteen-year-old that qualified as “sexual abuse of a minor,” 8 U.S.C. § 1101(a)(43)(A), which rendered him inadmissible under § 1182(a)(2)(A)(i)(I) and ineligible for a waiver under § 1182(h). The BIA affirmed.
The majority overturns the BIA’s judgment because the majority can’t be sure “whether the judicial records show that Sanchez was convicted of sexually battering a minor.” Maj. Op. at 1016. I disagree with the majority that we may not consider the age of the victim when that fact was recited in the indictment, was the only information that actually identified the underage Jane Doe victim, and was admitted by Sanchez when he pled no contest. There is no reason to engage in such formalism. Unfortunately, this case is another in a series of cases that threatens to gut the modified categorical approach by requiring us to ignore facts “plain on the record before us.” Aguilar-Turcios v. Holder, 691 F.3d 1025, 1041-42, 2012 WL 3326618 at *12 (9th Cir.2012) (Bybee, J., dissenting). I respectfully dissent and would deny the petition.[1]
I
In United States v. Aguila-Montes de Oca, we noted that in certain circumstances, “applying the modified categorical approach to the missing element situation is ‘unfair to defendants because it denies them notice and a reasonable opportunity to rebut the charges against them.’ ” 655 F.3d 915, 938 (9th Cir.2011) (en banc) (quoting Li v. Ashcroft, 389 F.3d 892, 900 (9th Cir.2004) (Kozinski, J., concurring)). We addressed this concern by clarifying that the application of the modified categorical approach is “circumscribed” by “an important limitation.” Id. at 937, 938. That is, “a court must exercise caution in determining what facts a conviction ‘necessarily rested’ on.” Id. at 937. We held that “[i]t is not enough that an indictment merely allege a certain fact or that the *1020 defendant admit to a fact; the fact must be necessary to convicting that defendant.” Id. What “ensures that the defendant will have understood and had an opportunity to contest all facts which are necessary to his conviction” is “the fact that we may only rely on a narrow and defined range of documents — the indictment, jury instructions, judicial findings, plea agreements, plea colloquies, and the like.” Id. at 938.
I do not believe that this “important limitation” governs the current case, because I am persuaded that the fact of the victim’s age — which was listed in the indictment — was “necessary” to the conviction. Indeed, the victim’s age was the only identifying information in the indictment. The indictment does not refer to the victim by name, but instead refers to “JANE DOE” and gives her date of birth. In California, a defendant’s guilty plea admits “all allegations and factors comprising the charge contained in the pleading.” People v. Palacios, 56 Cal.App.4th 252, 257, 65 Cal.Rptr.2d 318 (1997) (internal quotation marks omitted).
Put simply, the inclusion of the date of birth in the indictment was not superfluous. In California, an indictment is sufficient if it includes a statement of the offense “in any words sufficient to give the accused notice of the offense of which he is accused.” Cal.Penal Code § 952. Because a victim is self-evidently a necessary element of the crime of sexual battery, CaLPenal Code § 243.4(a), identifying the victim in some fashion appears to be important in order to put the accused on notice of the offense charged. Here, where the prosecutor identified the victim only as “Jane Doe” — presumably to protect the identity of a child-victim — the date of birth further identified the victim for Sanchez. Whether or not Sanchez even knew the victim’s birth date, it served to identify her as a thirteen-year-old girl, giving Sanchez and his attorney notice as to who the state believed the victim to be. If Sanchez had any reason to doubt what the state relayed, he had a full and fair opportunity to contest it.
Furthermore, the identity of the victim was a “necessary” fact to support Sanchez’s conviction. In People v. Christian, the California Supreme Court vacated a conviction for assault with a deadly weapon because the indictment had misidentified the victim. 101 Cal. 471, 35 P. 1043, 1043, 1045 (1894), overruled in part on other grounds by People v. Look, 143 Cal. 216, 76 P. 1028 (1904). The court explained that “[t]he name of the party assaulted is a material element of the offense, and common justice to the defendant demands that he be notified of the particular offense for which he stands committed.” Id. at 1043. This principle has frequently been distinguished where a defendant has constructive notice of the victim’s identity. See e.g., People v. Griggs, 216 Cal.App.3d 734, 265 Cal.Rptr. 53, 58 (1989) (“There was no confusion here of what act defendant was tried and convicted.”). Nonetheless, it remains true that the state must give the defendant some notice — actual or constructive — of the identity of the victim he or she has allegedly harmed, at least for crimes that require a specific victim. See id. (“Due process is not offended in this type of unusual situation [firing a gun into a crowd of people] where a particular victim is not identified.”). A violation of California Penal Code § 243.4(a) is clearly such a crime. Thus, the date of birth of the victim was not “irrelevant” to the crime charged.
II
I also disagree with the majority that the policy behind Aguila’s “important limitation” does not apply in this case. In Aguilar-Montes, we acknowledged a con *1021 cern inherent in applying the modified categorical approach to take into account facts the defendant may have had no incentive to contest, either because disputing the fact would have been a waste of time and resources, or because evidence to the contrary could have been excluded as irrelevant. 655 F.3d at 938. Sanchez had every incentive to contest the victim’s age. Although Jane Doe’s age may not have been a separate element of the offense under the specific statute he pled guilty to violating, it was plainly relevant to the sentence Sanchez would receive. The record indicates that he served three years of felony probation. The terms of that probation included that Sanchez “[n]ot be in the presence of children 16 yrs of age or younger unless another responsible adult is present,” and “[n]ot possess ... matter which depicts youth for the purposes of arousing prurient interests.” It strains credulity to believe Sanchez had no incentive to contest such terms, especially when he had a daughter under the age of sixteen at the time.
It is not clear whether these are standard or mandatory terms of probation in California for defendants convicted of sex crimes, regardless of the age of the victim. However, these conditions are not included on the form itself, but were specially typed onto the standard probation order for this case. This indicates, in my view, that the conditions were in fact not standard. Moreover, if Sanchez had not been convicted of a sex crime involving an underage victim, these conditions of probation may very well have been invalid under California law. A condition of probation is unlawful if it “has no relationship to the crime of which the offender was convicted.” People v. Lent, 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545, 548 (1975). Thus, the fact of the victim’s age was certainly relevant to Sanchez’s terms of probation, which he had to live under for three years.
The problem that we confront in this case may be confined to plea agreements in advance of trial, a problem we did not squarely address in Aguila-Montes. See also Aguilar-Turcios v. Holder, 691 F.3d 1025, 1048-50 (9th Cir.2012) (Bybee, J., dissenting) (suggesting that ignoring admissions at the plea colloquy is “the equivalent of willful blindness to the facts”). In Aguila-Montes, we employed a hypothetical throughout the opinion — one involving a state statute of conviction that requires use of a weapon of some kind, and a generic crime that requires the use of a gun. 655 F.3d at 926. As we addressed the question of what facts one could glean from the Shepard documents, we focused on what facts were necessary to the conviction in the context of the prosecution’s “theory of the case.” Id. at 936-37. Relying on the “theory of the case,” of course, presupposes the presentation of the case to the jury. In the plea context, we will not get the benefit of the theory of the case, except through the indictment, plea colloquy, and judgment. Here, the prosecution’s theory of the case was that Sanchez abused a thirteen-year-old girl, a theory fully explained in the indictment. For the reasons I have explained, I think Sanchez had ample reasons for contesting this fact had it been untrue. The age of the victim was not only relevant to identify Jane Doe, it was also relevant to what the prosecution would prove at trial — that Sanchez committed the crime of sexual battery of arousal by touching an intimate part of another person, Jane Doe, date of birth 02/16/1984, against her will.
The majority’s formalism strikes me as a prophylactic, wholly unnecessary to protect Sanchez’s rights under our immigration laws. I have elsewhere questioned whether our application of the modified categorical approach has been too strict in the immigration context. Aguilar-Turcios, 691 F.3d at 1051-54 (Bybee, J., dis *1022 senting). But even if we must treat immigration cases with all the rigor of criminal cases, we are simply ignoring facts staring us in the face.
I would deny the petition.

. I agree with the majority that a conviction for sexual battery under California Penal Code § 243.4(a) is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43).