[No. 20046.  Department Two.—July 28, 1885.]

THE PEOPLE, RESPONDENT, *v.* JOSÉ F. VIERRA, APPELLANT.

CRIMINAL LAW—COMMITMENT—DESIGNATION OF OFFENSE—INFORMATION.—The district attorney in drawing up an information under section 809 of the Penal Code is not required to charge the offense designated by the committing magistrate in his indorsement on the depositions taken at the preliminary examination, but must charge the offense which is disclosed by the depositions themselves.

APPEAL from a judgment of the Superior Court of the County of Fresno, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Tupper & Tupper,* for Appellant.

*Attorney-General Marshall,* for Respondent.

THORNTON, J.— The defendant was accused by information of murder, and was convicted of manslaughter. On his arraignment his counsel moved the court to set aside the information, on the ground that the commitment holding defendant to answer in the complaint filed in the committing magistrate's court ordered that the defendant be held to answer for the crime of manslaughter, and the information filed against him accuses him of murder. The defendant further moved that the district attorney be directed to file an information against defendant for manslaughter.

In support of this motion, counsel for defendant read the complaint filed with the magistrate which charged the defendant with murder, and also read the commitment and order of the magistrate indorsed on the complaint, which is in these words: "It appearing to me that the offense of manslaughter has been committed, and that there is sufficient cause to believe that José F. Vierra, the defendant, guilty thereof, that the said defendant did wilfully, unlawfully, and feloniously cut and stab about the abdomen one Manuel Maria, with a certain dirk knife about the abdomen, a human being, from the effects of said, the said named, the said Manuel Maria soon after died. I order that the said José F. Vierra be held to answer to the same and

committed to the sheriff of the county of Fresno, and that he be admitted to bail in the sum of $3,000, and is committed to the sheriff of the county of Fresno until he give such bail."

The court denied the motion and defendant excepted.

The proceeding by information for a capital offense is one which has come into use under the present Constitution adopted in 1879. (Const. art. i. § 8.) Under the former Constitution an indictment was required. (Const. of 1849, art. i. § 8.) The section of the present Constitution authorizing the proceeding by information is as follows: "Section 8. Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law. A grand jury shall be drawn and summoned at least once a year in each county."

The defendant on his arrest must be taken before a magistrate (Pen. Code, §§ 821, 822), who must proceed to examine the case. (Pen. Code, §§ 858, 859, 860.) The testimony of each witness, in cases of homicide, must be reduced to writing, as a deposition, by the magistrate or under his direction. (Pen. Code, § 869.) The testimony must be authenticated in the mode set forth in the section last cited, and the depositions must be returned to the clerk of the court at which the defendant is required to appear, together with the warrant, undertakings of bail, etc. (Pen. Code, §§ 869, 883.)

It is provided by section 872 of same Code that when it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the depositions an order signed by him, to the following effect: "It appearing to me that the offense in the within depositions mentioned (or any offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A B guilty thereof, I order that he be held to answer to the same, and be committed to the sheriff of the county of ———."

It is further provided (Pen. Code, § 809), that "when a defendant has been examined and committed, as provided in section 872 of this Code, it shall be the duty of the district

attorney, within thirty days thereafter, to file in the Superior Court of the county in which the offense is triable, an information charging the defendant with such offense."

The contention of defendant here is that the offense with which the defendant must be charged by the information to be filed is the offense designated by name by the committing magistrate in the indorsement on the depositions, required to be made by section 872 of the Penal Code, and not the offense disclosed by the depositions. We use the expression, "disclosed by the depositions," for that in our opinion is the signification of the words, "in the depositions mentioned," used in section 872. The offense by name need not be nor is it usually mentioned or designated *by name* in the depositions. The facts showing the nature and degree of the offense appear therein. Must the district attorney act on the facts as appearing in the depositions, or must he take the judgment of the committing magistrate thereon as shown by the name by which he shall designate the offense in his indorsement? The committing magistrate is usually a justice of the peace, either unlearned in the criminal law, or acquainted with it to a limited extent. It would be a strange requirement which permitted the justice to determine the offense for which the defendant should be prosecuted, instead of the district attorney, who is selected on account of his learning in the law, and especially charged with duties requiring an acquaintance with the criminal law. In England where prosecutions were allowed by information they were made by the attorney-general or by the solicitor-general when the office of attorney-general was vacant, or by the king's coroner or attorney in the King's Bench. The officers first named acted on their own official discretion without the interference of the court and without previous examination. (Bishop's Criminal Procedure, § 143, and Blackst. Com. 308.) Such proceeding was only allowed in England in cases of misdemeanor, except misprision of treason, and was not permissible in any felony. But the higher the nature of the offense, it is clear that for the protection of defendant, as well as of the State, that the duty should be vested upon an officer acquainted with the law concerning crimes and offenses.

It may be conceded that the power to designate the offense for which the defendant is to be put upon his trial might be vested

by the legislature in the committing magistrate, but the statute must be expressed in terms other than those in which we find them in the Code to justify this court in coming to such a conclusion.

In our opinion section 809 refers to the offense shown by the testimony disclosed in the depositions taken on the preliminary examination before the committing magistrate, and not to the offense designated by name, or even generally, by such magistrate in his indorsement made on the depositions. It will be observed that the offense is to be designated *according to the fact.* Where is the fact to be found? Manifestly in the testimony contained in the depositions. If the justice named an offense which the testimony had no tendency to show had been committed, must the district attorney still charge such offense in the information? Clearly not. The district attorney is to act on the depositions, and to prefer the information charging the offense which the facts disclosed in such depositions show, or tend to show, has been committed by the defendant. For this purpose among others the depositions are required to be returned to the court at which the defendant is to appear. The provision in the Constitution requiring an examination and commitment is to secure persons accused of crime from being proceeded against until there has been a preliminary trial before some judicial officer to determine whether there is a reasonable or probable cause for putting the defendant on his trial. When this is done, and the defendant is held to answer, the constitutional requirement has been complied with. The responsibility is then thrown on the district attorney to determine from the testimony above referred to the offense to be charged in the information. We see no reasonable objection to this view. We think it correct, and by it no right of the accused party is impaired, and there is no obstacle to a fair trial of the defendant for the offense charged. We are of opinion that the court below did not err in refusing to set aside the information herein. (*People* v. *Lee Ah Chuck,* 66 Cal. 662.) The instruction to which our attention is directed is not obnoxious to the objection that it could under no circumstances be correct.

We find no error in the record, and the judgment and order are affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.