[Crim. No. 997. In Bank.—March 25, 1904.]

## THE PEOPLE, Respondent, v. S. NOGIRI, Appellant.

CRIMINAL LAW—INFORMATION—COMMITMENT—COMPLAINT—MINISTERIAL FUNCTIONS OF DISTRICT ATTORNEY.—In the filing of informations the functions of the district attorney are ministerial only, and not appellate over those of the committing magistrate. He has no power to file an information for any greater or other offense than that specified in the commitment by the magistrate, though in accordance with the complaint made before the magistrate.

ID.—COMMITMENT FOR ASSAULT WITH DEADLY WEAPON—SETTING ASIDE INFORMATION CHARGING INTENT TO MURDER.—Where the commitment was for an assault with a deadly weapon, and the information charged an assault with a deadly weapon with intent to commit murder, a motion to set aside the information for want of a legal commitment for the offense charged must be sustained. It is immaterial that the record does not show the complaint filed with the committing magistrate.

APPEAL from a judgment of the Superior Court of Los Angeles County. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

HENSHAW, J.—The defendant was committed by a justice of the city of Los Angeles for the crime of an assault with a deadly weapon. Subsequently the district attorney filed his information against him, charging him with an assault with a deadly weapon with intent to commit murder. Upon arraignment defendant moved to set aside the information upon the ground that prior to its filing he had not been legally committed by the magistrate for the offense charged against him.

The scanty record here presented fails to show the charge made against him in the complaint filed with the committing magistrate. The respondent therefore argues that, under the presumption that official duty has been regularly performed, and under the rule that error must be shown and will not be presumed (*People* v. *Ebanks,* 117 Cal. 655; *People* v. *Holmes,* 118 Cal. 444; *People* v. *Beach,* 122 Cal. 37), this court will hold that the complaint before the committing magistrate charged the defendant with the identical offense for which an information was subsequently filed against him. Respondent further argues that it being thus established that the information charged upon the offense contained in the complaint before the committing magistrate, upon the authority of *People* v. *Vierra,* 67 Cal. 231; *People* v. *Lee Ah Chuck,* 66 Cal. 662, and *People* v. *Christian,* 101 Cal. 474, the course pursued by the district attorney was justifiable and within the law.

This reasoning is without flaw, and it would be the plain duty of this court to overrule the appellant's objection to the procedure taken against him if we were still satisfied with the soundness of the rule laid down in the cases last cited. Thus, in *People* v. *Vierra,* 67 Cal. 231, the complaint upon which the preliminary examination was based charged murder. As a result of the examination, defendant was committed by the magistrate for manslaughter. The district attorney subsequently informed against him for murder, and the information was upheld. The result of these decisions is to vest in a ministerial and executive officer, the district attorney, supervisorial, appellate, and judicial powers controlling the judgment of a judicial magistrate who alone, under the constitution, is empowered to hold the examination, and who alone is empowered to declare by his commitment the offense for which

the accused person shall be put upon trial. This, we think, the law neither contemplates nor permits. The constitution of this state (art. I, sec. 8) provides that "offenses heretofore required to be prosecuted by indictment shall be prosecuted by information after examination and commitment by a magistrate." Section 872 of the Penal Code declares, in effect, that if the magistrate after examination shall determine that the offense charged, or some other offense, shall have been committed, he is to make an order declaring that the offender shall be held to answer "to the same" and stand committed to the sheriff. Section 809 of the Penal Code, defining and prescribing the duties of the district attorney under the circumstances, declares that "When a defendant has been examined and committed, as provided in section 872 of this code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court of the county in which the offense is triable, an information charging the defendant *with such offense.*" There is thus neither in the constitution nor in the laws enacted in furtherance of it the slightest vestige of judicial, discretionary, or appellate power given to the district attorney in controlling the action of the committing magistrate. His functions are ministerial purely. He is told to file an information charging the defendant with the offense for which, after judicial inquiry, he has been held to answer. It is to be remembered that the examination and commitment by a magistrate for a felony are but substituted process for the action of the grand jury in finding an indictment, and the district attorney occupies no higher nor different place in the one mode of investigation than he does in the other. A grand jury inquires as to the commission of a felony, and believes that a true bill should be found against John Doe, charging him with manslaughter. It becomes the duty of the district attorney, under the instructions of the grand jury, to frame such a bill, and his powers go no further than to do so. He may advise the grand jury, but when finally they have reached their determination and given him his instructions his sole duty under the law is to obey them. So in the case of the examination held before the committing magistrate, it is not in contemplation of the law that the district attorney may substitute his judgment for that of the judicial officer and lay any charge against an offender

other than that for which the magistrate, like the grand jury, has decided that he should be put upon trial. Mr. Justice Harlan, discussing these laws in the Hurtado case (*Hurtado* v. *California,* 110 U. S. 553), declares: "Under the local statutes in question even the district attorney of the county is deprived of any discretion in the premises, for if, in the judgment of the magistrate before whom the accused is brought, and generally he is only a justice of the peace, a public offense has been committed, it becomes the duty of the district attorney to proceed against him by information for the offense indicated by the committing magistrate." This language is taken from the learned justice's dissenting opinion, but upon this point it is not in conflict with any expression in the prevailing opinion of that august court.

The judgment appealed from is therefore reversed, with directions to the trial court to sustain defendant's motion to set aside the information filed against him.

McFarland, J., Van Dyke, J., Angellotti, J., Shaw, J., and Beatty, C. J., concurred.