[Crim. No. 552. Second Appellate District.—November 8, 1917.]

## THE PEOPLE, Appellant, v. FRANK W. HUDSON, Respondent.

CRIMINAL LAW—INFORMATION—POWER OF DISTRICT ATTORNEY.—In drawing an information the district attorney has no authority to charge the defendant with a different offense from that charged in the complaint upon which he was examined and held to answer by the committing magistrate.

ID.—BURGLARY — INTENT — SEPARATE COUNTS — SETTING ASIDE OF INFORMATION AS TO SINGLE COUNT.—A motion to dismiss an information which in three counts charged the defendant with the commission of the crime of burglary, the several counts referring to the same acts, but differing only in the intent with which they were

done, may be set aside as to one of such counts, without setting aside the entire information, where the motion is based on the ground that the defendant had never legally been committed by a magistrate on the charge set forth in such count.

ID.—VARIANCE BETWEEN COMPLAINT AND INFORMATION.—An information charging a burglarious entry with intent to commit rape does not describe the same offense as a complaint before a committing magistrate which omits such statement and charges such an entry with intent to steal and murder.

APPEAL from an order of the Superior Court of Kern County dismissing an information.   Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, J. R. Dorsey, District Attorney, and Wesley P. Grijalva, Deputy District Attorney, for Appellant.

Emmons & Johnstone, for Respondent.

CONREY, P. J.—The plaintiff appeals from an order dismissing an information which, in three counts, charged the defendant with the commission of the crime of burglary.   The several counts refer to the same acts, differing only in the intent with which they were done.   The intent described in the first count was to commit the crime of larceny; the second, murder; the third, rape.   The complaint before the committing magistrate charged that the defendant entered the apartment of one Irma V. Meyer with intent "to commit the crime of larceny and then and there to kill and murder the said Irma V. Meyer."   The defendant's motion to set aside the information was based upon the ground "that before the filing of said information said defendant had not been legally committed by a magistrate for the offenses set forth in the information." At the hearing of said motion on May 26, 1917, the superior court entered in its minutes an order "that the said motion to set aside the information be and the same is hereby denied. . . . It is now by the court ordered that the within matter be and the same is hereby continued for further discussion" until May 28, 1917.

The foregoing facts appear from the information and from the clerk's transcript, supplemented by the reporter's transcript of the proceedings of the hearing on the motion to dis-

miss. In the brief of counsel for the people statements are made purporting to show the order of commitment made by the committing magistrate. In the brief of counsel for defendant it is asserted that in the evidence taken at the preliminary examination there was no evidence that defendant entered said apartment with intent to commit the crime of rape. The transcripts give us no direct information concerning the contents of the commitment order, or concerning the evidence received at the preliminary examination. For the purpose of learning to what extent the proceedings before the magistrate were presented to the superior court, we may perhaps take cognizance of some of the statements made by the judge at the hearing of the motion and in ruling thereon. He said that he had read the information and the complaint on which the hearing was had in the magistrate's court, and the commitment; that the defendant was charged in the justice's court with burglary committed with two intents, whereas the information charged him in three counts with three separate intents. At the hearing on May 28th, the judge announced his opinion that the count charging an intent not included in the charge before the committing magistrate should not have been in the information; that he would deny the motion because the motion as made was directed generally to the entire information. Thereupon the defendant moved that the information as to the third count thereof be set aside ''upon the ground that before the information was filed the defendant had not been legally committed by a magistrate for the offense named therein, to wit: the offense of burglary and unlawfully entering the building with intent to commit rape.'' The district attorney objected to the consideration of this motion. This objection was based upon the ground that there is no provision of law for setting aside part of an information. Thereupon, after discussion by counsel, the court granted ''the motion to dismiss the information on the ground that the defendant has never been legally committed by a magistrate on the charges embraced in the information.'' It is from this order that the people have appealed.

It is contended by counsel for the people that it was the duty of the district attorney to draw the information in such form as would embrace the offense or offenses disclosed by the testimony taken before the magistrate; that no transcript of the testimony received by the committing magistrate was

brought before the superior court; and that under the presumption that official duty was performed, it must be assumed that the evidence before the committing magistrate tended to show that the crime of burglary, with intent to commit rape, had been committed by the defendant. In support of the rule thus invoked the attorney-general quotes the decision of the supreme court in *People* v. *Vierra,* 67 Cal. 231, [7 Pac. 640], and it must be admitted that that decision supports his contention. But the decision itself has been directly overruled in *People* v. *Nogiri,* 142 Cal. 596, [76 Pac. 490], where it is said that in the case of an examination held before a committing magistrate, "it is not in contemplation of the law that the district attorney may substitute his judgment for that of the judicial officer and lay another charge against an offender other than that for which the magistrate . . . has decided that he should be put upon trial." In *People* v. *Christian,* 101 Cal. 471, [35 Pac. 1043], it is said that "whenever a defendant is informed against for an offense different from that charged in the complaint upon which he was examined, or not included therein, he has had no examination for that offense, and is entitled to have the information set aside upon the ground that he has not been legally committed."

Appellant next suggests that since the first and second counts of the information complied with all legal requirements, the order should have been at most only an order setting aside the third count. The only reply offered to this suggestion is that the law only provides for setting aside the information, and that no provision is made for setting aside a part of an information. Section 995 of the Penal Code provides that an information must be set aside if "before the filing thereof the defendant had not been legally committed by a magistrate." We find no valid reason why an order to set aside a separate count of the information may not be made. In *People* v. *Danford,* 14 Cal. App. 442, [112 Pac. 474], this court discussed the same matter and stated that "to be effective the motion should, in our judgment, have been directed to the second count alone, and not to the entire information."

The intent with which a burglarious act was done is an essential part of the offense. (Pen. Code, sec. 459.) Where the averment of ownership of the property as stated in the information was not the same as the averment of such ownership as stated in the complaint before the magistrate, it was held that

there was such a variance between the two described offenses that the one could not be deemed the same as the other. (*People v. Wallace,* 94 Cal. 497, [29 Pac. 950].) In the present case the information charging entry of the defendant upon the described premises with intent to commit rape does not describe the same offense as does the complaint which omitted the statement of any intent to commit rape.

The order is reversed, with the direction that the lower court set aside the information as to the third count thereof and refuse to dismiss the other counts thereof.

James, J., and Works, J., *pro tem.,* concurred.