[Crim. No. 640.  Second Appellate District, Division One.—February 6, 1919.]

THE PEOPLE, Appellant, v. C. A. STORKE, Respondent.

CRIMINAL LAW—LIBEL—COMMITMENT BY MAGISTRATE.—In view of the provisions of section 872 of the Penal Code, where the accused person failed to attack the complaint upon which a warrant was issued for his arrest on a charge of libel, as insufficient to justify the issuance of the warrant and examination, from which it appeared that a public offense had been committed and sufficient cause existed to believe defendant guilty thereof, it was the duty of the magistrate to commit the defendant for the offense of libel upon said examination shown to have been committed, even though the complaint concededly failed to charge a public offense, and an information based on the commitment having followed it, the superior court erred in setting aside such commitment on the ground that before the filing thereof the defendant had not been legally committed by a magistrate.

APPEAL from an order of the Superior Court of Santa Barbara County setting aside an information.  S. E. Crow, Judge.  Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Appellant.

W. J. Ford  for Respondent.

SHAW, J.—This is an appeal by the people from an order of court setting aside an information filed charging defend-

ant with the offense of libel, upon the ground that he had not been properly committed by a magistrate.

The complaint upon which the warrant for the arrest of defendant was issued set forth a part of an editorial article which defendant published in a newspaper wherein, of and concerning the complaining witness, F. H. Lingham, it was said: "These patriots [meaning the said W. R. Edwardes and F. H. Lingham] have not the odor of 'Lunnun City' [meaning the city of London, England], out of their clothes yet, and would to-day deny the government [meaning the government of the United States of America] that protects them, if a dollar balance was on the side of betrayal," which article so published, "in so far as it states that the said F. H. Lingham would deny the government if profit would result to him from such betrayal is false and untrue, and was published by said defendant willfully and with a malicious intent to injure said F. H. Lingham." At the hearing before the magistrate the entire article, only a part of which was set forth in the complaint, was offered in evidence, from which it appeared that in referring to Lingham and Edwardes the defendant therein used language as follows: "Come out in the open, ye hypocrites." Thereupon, although the said language was not set forth in the complaint and no charge of libel based thereon, the magistrate, upon the evidence adduced at the hearing, made an order as follows: "It appearing to me that the offense of libel in publishing of and concerning F. H. Lingham at the time and in the manner alleged in the annexed complaint the following libelous words, 'Come out in the open, ye hypocrites,' meaning W. R. Edwardes and F. H. Lingham, has been committed, and that there is sufficient cause to believe that the defendant C. A. Storke named in the annexed complaint is guilty thereof, I order that he be held to answer to same and committed to the sheriff of the county of Santa Barbara." In due time an information was filed charging defendant with the offense for which he was committed and wherein the entire article which contained the alleged libelous language was incorporated.

In support of the order made respondent insists, first, that the magistrate was without jurisdiction to commit defendant because the complaint upon which the warrant of arrest was issued did not state facts which, if true, constituted a public offense; second, that the magistrate had no jurisdiction to

commit defendant for an offense different from that charged
in the complaint, unless included in the offense so charged;
and, third, that the district attorney had no right to incorpo-
rate in the information other matters contained in the article,
regardless of whether or not they constituted an offense, since
defendant was not committed for anything other than the use
of the words, "Come out in the open, ye hypocrites." As to
this last contention, suffice it to say that, while the entire
article is set forth in the information, it is not alleged that
any statement contained therein, other than that for which
defendant was committed, constituted a public offense; hence
the only offense charged in the information was that for
which defendant was committed.

The first and second points may be treated together.
Under sections 811, 812, and 813 of the Penal Code, a magis-
trate has no jurisdiction to issue a warrant of arrest without
evidence in the form of a complaint, affidavit, or deposition
tending at least to show the guilt of the party named in the
warrant; and if a warrant be issued in the absence of such
evidence, the petitioner may, under appropriate proceedings,
be discharged. (*Ex parte Dimmig,* 74 Cal. 164, [15 Pac.
619].) Section 872 of the Penal Code provides that when an
accused, in accordance with a warrant so issued upon an
affidavit or complaint, is brought before the magistrate, and
it appears from the examination that a public offense has
been committed and there is sufficient cause to believe the de-
fendant guilty thereof, the magistrate must make an order,
signed by him, to the following effect: "It appearing to me
that the offense in the within complaint mentioned [or any
offense, according to the fact, stating generally the nature
thereof] has been committed, and that there is sufficient cause
to believe the within named A. B. guilty thereof, I order that
he be held to answer to the same." It appears from this pro-
vision that when the accused fails to attack the complaint as
insufficient to justify the issuance of the warrant of arrest
and an examination is had, wherein the facts specified,
namely, that an offense has been committed and sufficient
cause exists to believe defendant guilty thereof, it is the duty
of the magistrate, *even though the complaint concededly fails
to charge a public offense,* to commit the defendant for *"any
offense"* upon said examination shown to have been com-

mitted, provided there be sufficient cause to believe him guilty thereof.

In support of his contention respondent cites *People* v. *Christian,* 101 Cal. 471, [35 Pac. 1043] , *People* v. *Howard,* 111 Cal. 655, [44 Pac. 342], and *People* v. *Hudson,* 35 Cal. App. 234, [169 Pac. 719]. But, in so far as the two former cases sustain his contention, they have been directly overruled in the later case of *People* v. *Lee Look,* 143 Cal. 216, [76 Pac. 1028], wherein the question was almost identical with that presented in the instant case and which was decided by the supreme court in Bank. In that case the motion to set aside the information was based upon the claim that the affidavit or complaint upon which the warrant of arrest was issued by the committing magistrate was defective, in that it did not contain a charge of any crime, although it purported to charge the crime of murder. In discussing the point, the court said: ''It is contended that the facts stated do not constitute a legal definition of murder; but, *assuming that to be so* [italics ours], the appellant could have availed himself of the defect only while he was held under the warrant of arrest founded on the affidavit. And then the objection to the document would have been, not that it was defective as a pleading, but that it did not contain sufficient evidence to justify a warrant of arrest.'' And in discussing a like question in *People* v. *Staples,* 91 Cal. 23, [27 Pac. 523], also a Bank case, the court said: ''Even if the offense charged in the information was, as claimed, *totally different from that laid in the complaint* [italics ours], it would not affect the sufficiency of the information, since, as we have seen, the information does not depend on the complaint, but upon the commitment, and it does not appear that the order of commitment differed in any respect from the information. . . . It is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged''; citing *People* v. *Wheeler,* 73 Cal. 255, [14 Pac. 796]. And in *People* v. *Velarde,* 59 Cal. 457, the court said: ''The object of the statute providing for the issuance of a warrant, is, that the defendant may be brought before the committing magistrate, and when he is once there, and an examination of the case is had in pursuance of the terms of the statute, and the defendant is held to answer, a foundation is laid for the filing of an information by the district attor-

ney.  The regularity of the proceeding by information did
not therefore depend in any manner upon the affidavit
on which the warrant of arrest was issued, and had no con-
nection with it." While it may appear illogical to hold that
a commitment made upon a preliminary examination, follow-
ing a warrant of arrest upon a complaint that states no
offense, is a valid act, nevertheless, the statute and cases cited
seem to be determinative of the question and must be deemed
controlling upon this court.

The case of *People* v. *Hudson,* 35 Cal. App. 234, [169 Pac.
719], cited by respondent, is not applicable to the facts in-
volved in the instant case.  The contention there made by the
people, as appellant, was that the information should em-
brace an offense disclosed by the testimony taken before the
magistrate, and not follow the commitment, as to which the
court, upon the authority of *People* v. *Nogiri,* 142 Cal. 596,
[76 Pac. 490], decided adversely to appellant, and in doing
so quoted an extract (repudiated in the Lee Look case) from
*People* v. *Christian, supra,* wherein it was held that where an
information charges a defendant with an offense different
from that charged in the complaint upon which he was exam-
ined, or not included therein, he has had no examination for
that offense, and is entitled to have the information set aside
upon the ground that he has been illegally committed.  The
attention of the court was not directed to the Lee Look case,
wherein the court overruled what was said in the Christian
case upon this point.

What we have said renders it unnecessary to determine
whether or not the complaint stated a public offense; neither
are we concerned with the question as to whether or not prob-
able cause existed for committing defendant.  Suffice it to
say that the information followed and was based upon the
commitment, and, in our opinion, the court erred in holding
that before the filing thereof the defendant had not been
legally committed by a magistrate.

The order is reversed.

Conrey, P. J., and James, J., concurred.