[Crim. No. 506.   Fifth Dist.   Jan. 16, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. MARION FRANKLIN McBRIDE, JR., Defendant and Appellant.

Hugh Wesley Goodwin for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Craig B. Stalker, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Defendant appeals from a judgment on a verdict finding him guilty of illegal possession of marijuana in violation of Health and Safety Code section 11530.

On July 17, 1967, at about 1 p.m., California Highway Patrol Officers Wendell Frazier and James R. Herfurth were traveling north on Highway 99 to investigate an automobile accident when they noticed a set of headlights rapidly overtaking their patrol car. The officers estimated the speed of the approaching vehicle at 90 miles per hour and therefore stopped it as it came along side. The vehicle, a 1962 Cadillac, stopped off the highway resting partially on dirt and partially on the improved shoulder.

Officer Herfurth approached the Cadillac from the driver's side and asked defendant (the sole occupant) for his driver's license. However, when he detected the smell of alcohol he asked defendant to alight from the vehicle to perform certain coordination tests. In the meantime Officer Frazier, who had approached the vehicle from the passenger side, made a cursory search for weapons through the windows with the aid of a flashlight. He found a flask containing alcohol on the front seat in plain view.

Both officers observed defendant attempt the coordination tests. They then decided that defendant was under the influence of intoxicants and placed him under arrest. Officer Herfurth advised defendant of his constitutional rights and put him in the patrol car. Officer Frazier made another brief search of defendant's automobile and locked it. The officers then proceeded to the scene of the automobile accident with the defendant seated in the back seat of the patrol car.

When the officers arrived at the scene of the automobile accident, they requested Deputy Sheriff George J. Lee of the Tulare County sheriff's office, who was already there, to take custody of defendant while they investigated the accident. Lee placed the defendant in the rear seat of his own patrol car and transported him to the county jail. Afterwards the deputy searched the rear seat of his patrol car. He found a cigarette rolled in brown paper which appeared to contain marijuana. Lee radioed Herfurth and Frazier and informed them of his discovery.

The highway patrol officers completed their accident investigation, and then they met Deputy Sheriff Lee at defendant's automobile. The automobile was unlocked by Officer Frazier and a second search was made of the vehicle; Deputy Lee did most of the searching while Officers Frazier and Herfurth completed a thorough inventory. Partially smoked cigarette butts were removed from an ash tray on the driver's side of the vehicle, and a cellophane envelope was removed from a leather shaving kit found in the trunk.

A few days later the clothes defendant was wearing when arrested, the rolled cigarette, the cigarette butts and the cellophane envelope were sent to Louis Moller, a chemist for the Bureau of Narcotic Enforcement, for analysis. Mr. Moller found a usable quantity of marijuana in defendant's pants and marijuana fragments in his shirt. He also concluded that the rolled cigarette, the butts and the cellophane bag contained marijuana.

Appellant was charged with illegal possession of marijuana in violation of Health and Safety Code section 11530. He was represented by the public defender at his preliminary hearing when he was held to answer on this charge. He was also represented by the public defender when he entered a plea of "not guilty" to the charge. Later defendant substituted Hugh Wesley Goodwin as his trial counsel in place of the public defender. Mr. Goodwin then moved to withdraw defendant's plea of "not guilty" in order to make a motion to set aside the information under Penal Code section 995. This motion was denied by the trial court, and defendant proceeded to trial.

Defendant first attacks the court below for refusing to allow him to withdraw his plea of "not guilty." He suggests that the trial court lacked jurisdiction to try him because no evidence of marijuana possession was offered or received at his preliminary hearing. In addition, defendant maintains that a transcript of his preliminary hearing was not prepared until it was requested by Mr. Goodwin. He implies that when he entered his plea of "not guilty" to a violation of Health and Safety Code section 11530, he did not know that the evidence presented at the preliminary hearing was not sufficient to bind him over for trial on this charge. Defendant therefore apparently contends that the trial court should have permitted him to withdraw his plea of "not guilty" so that he could move to set aside the information under Penal Code section 995.

■ At the outset we reject any suggestion that the court below lacked jurisdiction to try the defendant in the instant case. It is settled that the trial court lacks jurisdiction to proceed on an information founded against a defendant on insufficient evidence only if defendant's Penal Code section 995 motion is timely; if the defendant pleads "not guilty" to the crime charged in the information, his right to object is waived (Pen. Code, § 996). ■ Thus, as we stated in *People* v. *Sigal,* 249 Cal.App.2d 299, 305 [57 Cal.Rptr. 541], under similar circumstances: "[T]he question herein presented is not jurisdictional, but rather it is whether the court below abused its discretion in denying defendant's motion to withdraw his plea of 'not guilty' so that he could make a motion to set aside the indictment under Penal Code section 995."

■ We find nothing in the record to impel the conclusion that the trial court abused its discretion when it denied defendant's motion to withdraw his plea of "not guilty." On the contrary, the transcript of appellant's preliminary hearing was not made a part of the record in this appeal and hence we must presume that sufficient evidence was presented at defendant's preliminary hearing to hold him for trial on the charge specified in the information (*People* v. *Sigal, supra,* 249 Cal.App.2d 299, 305-306). Moreover, defendant was represented by the public defender at his preliminary hearing and later when he entered his plea of "not guilty." Thus, the public defender must have known the nature and quantum of evidence presented against defendant at the preliminary hearing and (absent a contrary showing) presumably adequately advised defendant of his legal rights before defendant entered his plea.

In any event, defendant's trial counsel (Mr. Goodwin) elected to go to trial instead of petitioning this court for a writ of prohibition (*Greenberg* v. *Superior Court,* 19 Cal.2d 319 [121 P.2d 713]). ■ Thus, it would not subserve the interests of justice to reverse the judgment on the ground that the court abused its discretion when it denied defendant's request to withdraw his plea of "not guilty" so that he could make a motion under Penal Code section 995 to dismiss the information. This follows for there was ample evidence to support the jury's verdict finding defendant guilty of illegal possession of marijuana. ■ And "[t]he obvious purpose of section 995 is to eliminate unnecessary trials and to prevent accusatory bodies . . . from encroaching on the right of a

person to be free from prosecution for crime unless there is some rational basis for entertaining the possibility of guilt." (*People* v. *Sigal, supra,* 249 Cal.App.2d 299, 305.)

Defendant next attacks the court below for admitting into evidence the partially smoked cigarette butts and the cellophane envelope which were found in his Cadillac when Officers Frazier and Herfurth returned and searched the vehicle with Deputy Sheriff Lee. In short, defendant apparently concedes that the highway patrol officers had the right to search his car without a search warrant when he was first arrested, but, relying on *Preston* v. *United States,* 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881], and *People* v. *Burke,* 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67], contends that the second search made by the officers was too remote in time and place to be justified as an incident to the arrest.

Defendant's contention is without substantial merit. In the first place, the highway patrol officers were in the process of investigating an automobile accident when they arrested defendant who was intoxicated and driving a vehicle on the highway at a highly dangerous rate of speed. Thus, they wisely took him into custody and understandably made only a cursory examination of his automobile before they left it locked and unattended on the highway. Moreover, the officers were under a duty to return to the automobile as soon as reasonably possible to safeguard the vehicle and all of its contents. Manifestly, the second search was part of a continuous process which began with a valid arrest and was an incident to this arrest under the rationale of the most recent expressions of our Supreme Court (*People* v. *Webb,* 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Williams,* 67 Cal.2d 226 [60 Cal.Rptr. 472, 430 P.2d 30]). In fact, the instant case closely parallels *Arwine* v. *Bannan,* 346 F.2d 458. In that case the United States Court of Appeals for the Sixth Circuit found reasonable a search that was delayed in order to allow police officers to try to apprehend a codefendant, thus recognizing that the police properly can delay a search in order to conduct more pressing business.

In the second place, Deputy Sheriff Lee found a marijuana cigarette in his patrol car after he transported defendant to the Tulare County jail. Lee had searched his vehicle before he placed defendant in the back seat, and hence had reasonable cause to believe that the marijuana cigarette belonged to defendant and that there was additional contraband in defendant's automobile. It is settled that police officers

may search a car without a warrant if they have reasonable cause to believe that the car contains contraband or stolen property, even though the search is not incidental to an arrest (*People* v. *Gale,* 46 Cal.2d 253, 255 [294 P.2d 13]; *People* v. *Terry,* 61 Cal.2d 137, 152 [37 Cal.Rptr. 605, 390 P.2d 381]; *People* v. *Demes,* 220 Cal.App.2d 423, 437 [33 Cal.Rptr. 986]).

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.