Filed 3/27/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | BR 051696 |
| | ) | |
| Plaintiff and Appellant, | ) | (Airport Trial Court |
| | ) | No. 4WA22795) |
| v. | ) | |
| | ) | |
| DOUGLAS LEE McGOWAN, | ) | |
| | ) | |
| Defendant and Respondent. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Airport Trial Court, Jane A. Godfrey, Commissioner.  Reversed.

Marsha Jones Moutrie, City Attorney, City of Santa Monica; Terry L. White, Chief Deputy City Attorney; and Jenna K. Grigsby, Deputy City Attorney, for Plaintiff and Appellant.

Ronald L. Brown, Public Defender of Los Angeles County; Albert J. Menaster, Head Deputy Public Defender; and Stephanie Choi, Deputy Public Defender, for Defendant and Respondent.

*        *        *

Penal Code section 991 is the legislative safeguard that allows an in-custody misdemeanant to require the arraigning magistrate to determine whether there is probable cause to believe the defendant has committed a public offense. (Pen. Code, § 991, subd. (a).) If the magistrate finds no such probable cause, the defendant is entitled to a dismissal of the complaint. (Pen. Code, § 991, subd. (d).)[1]

The issue presented is whether section 991 vests the trial court with the discretion to dismiss only some of the charged offenses due to the absence of probable cause, thereby allowing the complaint to survive with the charges that were not dismissed. We conclude, if the court exercises its dismissal discretion under section 991, it must find there is no probable cause to support any charged offense and dismiss the complaint in its entirety. There are two fundamental reasons why the trial court is not vested with the discretion under section 991 to dismiss only some of the charged offenses: (1) the statute only authorizes the trial court to dismiss "the complaint"; and (2) such an application of section 991 would be inconsistent with the purpose of the statute, i.e., to provide a mechanism for screening the complaint to determine whether the misdemeanant's confinement pending trial is constitutional.

The trial court found there was probable cause to believe defendant committed only one of three charged offenses in the complaint and consequently dismissed the two remaining charges. Section 991 does not sanction such an order. Because the trial court found there was probable cause to believe defendant committed *a* public offense, it was required to deny the section 991 motion in totality. The trial court's order dismissing the two charges pursuant to section 991 is reversed.

*BACKGROUND*

A misdemeanor complaint charged defendant and respondent Douglas Lee McGowan with: (1) camping in a prohibited public place (Santa Monica Mun. Code, § 4.08.095, subd. (a)); (2) possession of a milk crate (§ 565); and (3) loitering under the

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

Santa Monica Municipal Pier (Santa Monica Mun. Code, § 3.36.100). At his arraignment, defendant pled not guilty to the charges and made a motion to dismiss all charges pursuant to section 991.

The trial court considered the police report when assessing the merits of the section 991 motion. The material facts are not in dispute. According to the representations by counsel made at the section 991 motion, the police report indicated defendant was seated under the Santa Monica Municipal Pier in the early morning hours of May 9, 2014. He was wrapped in a blanket and surrounded by personal belongings, including a chair, a military duffel bag and two milk crates. Defendant was arrested after he refused to comply with several commands from Santa Monica police officers to leave the area.

While the motion was orally argued, an issue surfaced about whether section 991 allowed the trial court to dismiss only some charges, thereby leaving the complaint to survive with the remaining charged offenses. Ultimately, the trial court rejected the position taken by plaintiff/appellant (the People of the State of California) that the trial court's authority to dismiss was limited to the complaint as a whole. The trial court determined there was only probable cause to support the charge in count 2, and dismissed counts 1 and 3.[2] The People appeal the order dismissing counts 1 and 3.[3]

*DISCUSSION*

*Standard of Review and Rules of Statutory Construction*

On appeal, questions of law and statutory interpretation are reviewed de novo. (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1276.) "'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in

[2]The People do not challenge the ruling that there was not probable cause to believe defendant committed the crimes alleged in counts 1 and 3.

[3]The trial court dismissed count 2 on the People's motion.

3

order to effectuate the law's purpose.  [Citation.]  We must look to the statute's words and give them their usual and ordinary meaning.  [Citation.]  The statute's plain meaning controls the court's interpretation unless its words are ambiguous.'  [Citation.]"  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125-1126.)  ""'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history."  [Citations.]'  [Citation.]  Put another way, the ascertainment of legislative intent must 'begin with the language of the statute itself.  [Citation.]  That is, we look first to the words the Legislature used, giving them their usual and ordinary meaning.  [Citation.]  "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.'"  [Citation.]'  [Citations.]"  (*People v. Herman* (2002) 97 Cal.App.4th 1369, 1380-1381.)

*The Unambiguous Language in Section 991*

In pertinent part, section 991 provides:  "(a) If the defendant is in custody at the time he appears before the magistrate for arraignment and, if the public offense is a misdemeanor to which the defendant has pleaded not guilty, the magistrate, on motion of counsel for the defendant or the defendant, shall determine whether there is probable cause to believe that a public offense has been committed and that the defendant is guilty thereof.  [¶] . . . [¶]  (c) In determining the existence of probable cause, the magistrate shall consider any warrant of arrest with supporting affidavits, and the sworn complaint together with any documents or reports incorporated by reference thereto, which, if based on information and belief, state the basis for such information, or any other documents of similar reliability.  [¶]  (d) If, after examining these documents, the court determines that there exists probable cause to believe that the defendant has committed the offense charged in the complaint, it shall set the matter for trial.  [¶]  If the court determines that no such probable cause exists, it shall dismiss the complaint and discharge the defendant."

4

Section 991 expressly refers to the dismissal of the complaint:  "If the court determines that no such probable cause exists, it shall dismiss *the complaint* and discharge the defendant."  (§ 991, subd. (d), italics added.)  The statute further provides for the refiling of the complaint after a motion to dismiss is granted under section 991: "Within 15 days of the dismissal of *a complaint* pursuant to this section the prosecution may refile *the complaint*."  (§ 991, subd. (e), italics added.)  There is no language authorizing either the dismissal of charges independent of the complaint, or the refiling of a charge that was previously dismissed from a complaint that otherwise survived a section 991 motion.  The statute consistently references "the complaint," not independent charges within the complaint.

It was for good reason that the Legislature implemented a procedure to ensure a confined misdemeanant is held for trial only if there is probable cause to believe he or she committed a crime charged in the complaint.  The constitutional right to a judicial determination of probable cause following arrest has its roots in *Gerstein v. Pugh* (1975) 420 U.S. 103.  In that case, the United States Supreme Court held the Fourth Amendment vests an in-custody defendant with the right to have a prompt[4] postarrest determination of whether there is probable cause to believe he or she committed "a crime."  (*Id*. at pp. 114, 119-120.)

The California Supreme Court ultimately applied the *Gerstein* rule to California misdemeanants held in custody.  (*In re Walters* (1975) 15 Cal.3d 738, 747 (*Walters*).)  Section 991 did not exist at the time *Walters* was decided.  Thus, "California procedures governing the pretrial detention of those charged with misdemeanors . . . [did] not . . . comport with . . . constitutional requirements . . . since the defendant [was] not afforded a post-arrest judicial determination that probable cause exist[ed] for his continued detention."  (*Id*. at p. 747.)  This led to *Walters*'s holding that, "unless waived, a judicial determination of probable cause is required in every case where a defendant charged with

---

[4]Generally speaking, a determination within 48 hours of arrest satisfies the promptness requirement.  (*County of Riverside v. McLaughlin* (1991) 500 U.S. 44, 56-57.)

a misdemeanor is detained awaiting trial." (*Ibid.*) In response to the requirements of *Walters*, section 991 was enacted "to be a safeguard against the hardship suffered by a misdemeanant who is detained in custody, by providing that a probable cause hearing will be held immediately, at the time of arraignment, . . ." (*People v. Ward* (1986) 188 Cal.App.3d Supp. 11, 15, 17.)

Section 991 protects a misdemeanant from unconstitutional pretrial confinement when there is no probable cause to believe he or she has committed any offense. The statute is not a mechanism to extricate certain unsupportable charges from an otherwise legitimate complaint. It is simply an implementation of *Gerstein*'s constitutional requirement that a magistrate promptly determine there is probable cause to believe the defendant committed "a crime" before forcing him or her to await trial while in custody.

Under this rubric, in analyzing the section 991 motion, the trial court was required to evaluate the complaint as a whole to determine whether there was probable cause to believe defendant committed any charged offense. Given the trial court's finding that there was probable cause to believe defendant committed a violation of section 565 (count 2), defendant was not subjected to unconstitutional confinement and the section 991 motion should have been denied without disturbing counts 1 and 3.

*Section 991 Versus Section 995*

Defendant contends the rules of statutory construction require section 991 be applied the same way as section 995. His position is not well taken.

Section 995, subdivision (a), provides as relevant that "[an] indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases: [¶] (1) If it is an indictment: [¶] . . . [¶] (B) That the defendant has been indicted without reasonable or probable cause. [¶] (2) If it is an information: [¶] . . . [¶] (B) That the defendant has been committed without reasonable or probable cause." Thus, just as section 991 allows a misdemeanant to challenge a misdemeanor complaint for lack of probable cause, section 995 allows a defendant

6

accused of a felony to challenge an information or an indictment for lack of reasonable or probable cause. That said, the differences between the two sections are significant.

Although section 995 permits a defendant to challenge an indictment or information as unsupported by probable cause, the language of section 995 does not demonstrate it was designed to protect an accused from *confinement* unsupported by probable cause. Unlike section 991, for example, there is nothing in section 995 limiting its applicability to a defendant in custody. Rather, "'[the] obvious purpose of section 995 is to eliminate unnecessary trials and to prevent accusatory bodies . . . from encroaching on the right of a person to be *free from prosecution for crime* unless there is some rational basis for entertaining the possibility of guilt.' [Citation.]" (*People v. McBride* (1969) 268 Cal.App.2d 824, 828-829, italics added.)[5]

The distinction between protecting a misdemeanant from unconstitutional confinement resulting from a complaint that contains no offense supported by probable cause and protecting an accused from prosecution for a crime unsupported by probable cause is key to understanding the all-or-nothing wording of section 991 as compared to section 995. Section 995 is entirely unrelated to the custodial status of the defendant, much less protecting the accused from unconstitutional confinement pending trial. There is no justification for applying section 991 the same way as section 995.

### DISPOSITION

The order dismissing counts 1 and 3 is reversed.

---

[5]In addition to challenging whether a defendant has been indicted or committed without probable cause, a section 995 motion may seek to: (1) dismiss the whole or just parts of an information (*People v. Hudson* (1917) 35 Cal.App. 234, 237); (2) screen out from an information misdemeanor charges unsupported by probable cause (*People v. Thiecke* (1985) 167 Cal.App.3d 1015, 1018; *Medellin v. Superior Court* (1985) 166 Cal.App.3d 290, 292-295); and (3) dismiss special circumstance allegations (*Ghent v. Superior Court* (1979) 90 Cal.App.3d 944, 954-955) or penalty enhancement allegations (*People v. Superior Court* (1983) 33 Cal.3d 754, 760-761; *Huynh v. Superior Court* (1996) 45 Cal.App.4th 891, 894-895).

7

                                          _____
                                          **KUMAR, J.**

**WE CONCUR.**


                                          _____
                                          **McKAY, P. J.**



                                          _____
                                          **JOHNSON (B.R.), J.**